**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**MAURICE A. SMITH,**

  **Plaintiff,**

  v.          Case No. 12-C-1060

**GENESIS BEHAVIORAL SERVICES INC,**
**BRENDA KING, and**
**GINA SINGLETARY,**

  **Defendants.**

## DECISION AND ORDER

  Pro se Plaintiff Maurice A. Smith ("Smith") filed this action pursuant to 42 U.S.C. § 1983 in the Western District of Wisconsin seeking leave to proceed *in forma pauperis*. By an August 10, 2012, Opinion and Order, the court granted Smith's motion for leave to proceed *in forma pauperis* on the claims in his Amended Complaint against Defendants Genesis Behavioral Services Inc, Brenda King, and Gina Singletary. (ECF No. 9.) Subsequently, the action was transferred to this District, pursuant to an October 15, 2012, Order, granting the Defendants' motion to transfer the action pursuant to 28 U.S.C. § 1406(a). (ECF No. 23.) The order noted that Smith had not responded to the motion.

  On March 11, 2013, the action was randomly reassigned to this Court for failure of Smith to file a magistrate consent/refusal form. On March 13, 2013, the parties were informed by letter that a telephonic scheduling conference, pursuant to Rule 16(b) of

the Federal Rules of Civil Procedure, was set for May 7, 2013, and that prior to the conference the parties were to conduct a conference, pursuant to Rule 26(f) of those Rules, and file a written report outlining the proposed discovery plan they developed at their Rule 26(f) conference, including the telephone numbers where the parties could be reached for the call.

Prior to the conference, no report was filed. Counsel for the Defendants called to inform the Court of the telephone number where he could be reached. However, Smith did not contact the Court to provide a telephone number or otherwise appear for the conference. Smith has not filed any paper since July 7, 2012. Smith appears to have lost interest in prosecuting this lawsuit. Smith is advised that Civil Local Rule 41(c) (E.D. Wis.) provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.

By the stated deadline, Smith must file a paper (1) explaining his failure to comply with the Court's March 13, 2013, letter and (2) provide a telephone number where he can be reached. Smith is advised that failure to comply with this Order will result in dismissal of his action for failure to prosecute.

- 2 -

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**No later than June 7, 2013,** Smith **MUST FILE** a paper (1) explaining his failure to comply with the Court's March 13, 2013, letter and (2) provide a telephone number where he can be reached.

Failure to comply with this Order will result in dismissal of this action for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**