# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MAURICE SMITH,

    Plaintiff,

    v.                                   Case No. 12-CV-1060

GENESIS BEHAVIORAL HEALTH,
BRENDA KING, and GINA SINGLETARY,

    Defendants.

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 37 AND 41 AND CIVIL L.R. 41(c) (E.D. Wis.)

Presently before me is the defendants' motion to dismiss the plaintiff's, Maurice Smith's ("Smith"), complaint with prejudice as a sanction for his noncompliance with deadlines and court orders pursuant to Fed. R. Civ. P. 37, Fed. R. Civ. P. 41, and Civil L.R. 41(c) (E.D. Wis.). For the reasons explained below, the defendants' motion is granted, and the case is dismissed with prejudice.

## PROCEDURAL BACKGROUND

The plaintiff filed a *pro se* complaint in the Western District of Wisconsin on May 23, 2012. (Docket # 1.) He subsequently filed an amended complaint on June 26, 2012.[1] (Docket # 3.) At that time, Smith was on extended supervision and living at Genesis Behavioral Services, which is a treatment center/halfway house. (*See id.*) In his complaint, he alleged that he was deprived of his

---

[1] In his original complaint, Smith listed only Nicole Smith as a defendant. However, in his amended complaint, he listed Nicole Williams, Chad Frey, Courtney Davis, Richard Nuesome, Glen Fleming, Consuelo Salfer, Christine Zimmerman, Courtney Davis, and John Does. In granting Smith's motion for leave to proceed *in forma pauperis*, the Court dismissed defendants Chad Frey, Linda McCoy, Richard Neusome, Consuelo Salfer, Nicole Williams, Christine Zimmermand, Courtney Davis, Glen Fleming, and John Does. (Docket # 9.)

right to access the courts and his right to intimate association. (*See id.*) He also filed a motion to proceed *in forma pauperis* and a motion for a preliminary injunction. (Docket # 5.) The Court granted Smith's motion to proceed *in forma pauperis* and denied his motion for a preliminary injunction. (Docket # 9.) Smith was granted leave to proceed against Genesis Behavioral Services, Brenda King, and Gina Singletary on his violation of his right to intimate association claim. (*Id.*) The case was subsequently transferred to this District on October 15, 2012, following a motion from the defendants to which the plaintiff did not file a response. (Docket # 23.)

Upon transfer, the case was initially assigned to me. A letter was mailed to the plaintiff on October 17, 2012 requesting that he submit forms indicating his consent or refusal to Magistrate jurisdiction within 21 days. (Docket # 25, 26.) The mail was returned as undeliverable. Another letter was sent on January 29, 2013, requesting that the consent/refusal form be submitted within 14 days. (Docket # 28.) A final notice was sent on February 20, 2013. (Docket # 29.) Because Smith never submitted the form, the case was randomly reassigned to the Honorable Rudolph T. Randa. (*See* Docket # 30.) On March 13, 2013, a Fed. R. Civ. P. 16(b) telephone scheduling conference was scheduled for May 7, 2013 at 9:30 a.m., notice of which was mailed to the plaintiff. (Docket # 32.) The parties were directed to conduct a conference and to file a Rule 26(f) report, outlining their discovery plan and providing the telephone numbers where they could be reached for the scheduling conference. (*Id.*) Counsel for the defendants contacted the court to provide a phone number, but the plaintiff never contacted the court or otherwise appeared for the conference on May 7, 2013. (Docket # 33.)

Thereafter, Judge Randa issued an order requiring Smith to file an explanation for his failure to comply with the court's March 13, 2013 letter and providing a telephone number where he could

be reached by June 7, 2013. (*Id.*) The order explained that a court may dismiss an action for failure to prosecute, citing Civil L.R. 41(c) (E.D. Wis.), and warning that failure to comply would result in dismissal. (*Id.*) Smith sent a later dated May 20, 2013, stating that he had been unable to comply due to a recent break-in, which required him to move and during which he lost "all but a few documents" as well as his computer and data storage. (Docket # 34.) The court then scheduled a telephonic Rule 16(b) scheduling conference for August 6, 2013 at 11:00 a.m. (Docket # 35.) The parties were then able to meet and confer and submit a joint Fed. R. Civ. P. 26(f) discovery plan on July 26, 2013. (Docket # 36.)

Smith did not appear, by telephone or otherwise, at the August 6, 2013 scheduling conference. (*See* Docket # 37.) Judge Randa sent Smith a letter, stating that the court tried both phone numbers provided and left a message asking Smith to call. As of the following day, Smith had not contacted the court. (*Id.*) Smith was advised that he had 21 days to inform the court how he wished to proceed with his case, and that failure to do so would result in dismissal of his case due to lack of diligence in prosecuting it. (*Id.*) Smith submitted a letter dated August 13, 2013, stating that his attempts to comply with telephone scheduling conference were plagued by "obstacles" and that "environmental factors" have interfered with the process. (Docket # 38.) He once again cited the break-in that he mentioned in his previous letter. (*Id.*) Smith also requested that a scheduling conference be scheduled. (*Id.*)

A telephonic scheduling conference was scheduled for September 17, 2013 at 11:00 a.m. (Docket # 39.) Smith appeared for this hearing, and the following relevant deadlines were set: Rule 26(a)(1) Initial Disclosures to be exchanged by October 17, 2013; plaintiff's lay witness due October 17, 2013; defendants' lay witness list due October 17, 2013; plaintiff's expert witness list due by

January 17, 2014; defendants' expert witness list due by January 17, 2014; and discovery due by March 17, 2014. (Docket # 40.)

The plaintiff has not yet made the requisite Rule 26(a)(1) initial disclosures or filed his lay witness list, which were due October 17, 2013. The defendants filed the present motion on February 14, 2014, requesting that Smith's complaint be dismissed with prejudice as a sanction for his failure to comply with deadlines and follow court orders. (Docket # 43, 44.)

## ANALYSIS

The defendants argue that Smith's complaint should be dismissed under both Fed. R. Civ. P. 37 and Fed. R. Civ. P. 41 and the corresponding local rule, Civil L.R. 41(c) (E.D. Wis.). Smith filed a brief in opposition, stating that his "attempts at compliance and failures have not been of [his] own choosing," again citing "unforeseen obstacles" and "environmental factors." (Docket # 46 at 2.)

Fed. R. Civ. P. 37(b)(2)(A) provides for sanctions when a party "fails to obey an order to provide or permit discovery," including under Rule 26(f). Dismissing the case is among the sanctions outlined in the rule. Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, Rule 37 permits a court to dismiss a case for failure to identify witnesses, Fed. R. Civ. P. 37(c)(1)(C), as well as "order the payment of reasonable expenses, including attorney's fees, caused by the failure," Fed. R. Civ. P. 37(c)(1)(A). Smith has failed to provide Rule 26(f) Initial Disclosures and failed to provide his lay witness list.

Fed. R. Civ. P. 41(b), along with Civil L.R. 41(c), allows a court to dismiss a case for a plaintiff's failure to prosecute his case, for failing to comply with court orders, and/or failing to comply with the Federal Rules of Civil Procedure.

Here, I find that Smith's discovery failures are part of a larger pattern of noncompliance and general disregard for court orders demonstrating a lack of prosecution. Smith's pattern of conduct in this case is, therefore, more appropriately addressed by Rule 41(b). Factors courts should consider

in deciding whether dismissal under 41(b) is appropriate include:

> (1) the frequency and magnitude of the plaintiff's failures to comply with deadlines; (2) the apportionment of responsibility for those failures between the plaintiff and his counsel; (3) the effect of the failures in taxing the Court's times and disrupting the Court's calendar to prejudice other litigants; (4) the prejudice to the defendant from the plaintiff's dilatory conduct; (5) the probable merits of the suit; and (6) the consequences of dismissal for the social objectives of the type of litigation the suit represents.

*Christopherson v. Crown Equipment Corp.*, No. 2008 WL 185703, *1 (E.D. Wis. Jan. 10, 2008) (*citing Ball v. City of Chicago*, 2 F.3d 752 (7th Cir. 2007)).

The first factor weighs in favor of dismissal. During this litigation, Smith has failed to comply with the following deadlines and/or orders:

| | |
|---|---|
| October 17, 2012: | Letter requesting that Smith file the magistrate consent/refusal form within 21 days |
| January 29, 2013: | Second letter requesting that Smith file the magistrate consent/refusal form within 21 days |
| February 20, 2013: | Final notice letter requesting that the magistrate consent/refusal form be filed within 14 days |
| March 13, 2013: | Smith did not confer with the defendants to file a Joint Rule 26 Report and did not provide his phone number to the court as required by the order setting the scheduling conference for May 7, 2013 |
| May 7, 2013: | Smith failed to appear for the scheduling conference |
| August 6, 2013: | Smith failed to appear for the re-scheduled scheduling conference |
| October 17, 2013: | Smith failed to provide Rule 26(a)(1) Initial Disclosures |
| October 17, 2013: | Smith failed to provide a Lay Witness list |

This demonstrates, as noted above, a lack of prosecution, as well as a lack of regard for court orders and for the Federal Rules of Civil Procedure. To date, over five months after Rule 26(a)(1)

Initial Disclosures and a lay witness were due, and after the defendants filed a motion requesting dismissal of the case for noncompliance and lack of prosecution, Smith has still not filed his Initial Disclosures or lay witness list. Instead, Smith cites "environmental factors" and unforseen circumstances for not filing the required documents, as he has been citing since he failed to appear for the first scheduling conference in May of last year.

The second factor is not applicable to the present case as Smith is *pro se*. As for the third factor—the effect of Smith's failures on taxing the court's time and the way disruptions may prejudice other litigants—I also find that it weighs in favor of dismissal. Smith twice failed to appear at scheduled conferences. Now, he has failed to comply with other deadlines, causing the litigation to stall. Indeed, the case has been pending for nearly two years, and discovery is not complete—let alone truly started. The trial in this case is scheduled for December 15, 2014, and I am not convinced that the plaintiff will have complied with the deadlines necessary to proceed to trial. This, in turn, effects other litigants who should be able to schedule a trial in a timely manner.

The fourth factor—prejudice to the defendant—is also present. Without Initial Disclosures, the defendants have not received Smith's computation of his damages. They have not received a lay witness list and cannot schedule depositions. Further, and most importantly, they have had to expend time and money to comply with court orders with which the plaintiff has failed to comply.

Fifth, the plaintiff's claim appears to have no merit. Smith argues that his right to association was violated because he was not allowed two passes to leave Genesis: one to go to the law library to work on a case and the other to go visit his family. He contends he was forced to choose between the two, violating his right to association with his family. Particularly, he alleges that on June 21, 2012, he was not allowed to get a pass to the law library and a pass to visit his family. (Amended Compl., Docket # at 9.) The right to intimate association "protects the right 'to enter into and

maintain certain intimate human relationships.'" *Bilka v. Farrey*, 447 Fed. Appx. 742, 744 (7th Cir. 2011) (*quoting Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984)). The vast majority of Smith's complaint contains allegations pertaining to his claim that he denied access to the courts; that claim, however, was dismissed in the court's order dated August 8, 2012. (Docket # 9.) It is not clear, then, how Genesis following its established policies (*see* Aff. of Gina Singletery, Docket # 43-2) prevented Smith from maintaining "certain intimate human relationships."

The sixth factor, therefore, also weighs in favor of dismissal. Here, there does not appear to be any violation of Smith's rights. Where there is no violation, no social policy—in this case protecting prisoners' and parolees' rights—is undermined by dismissal.

Therefore, in examining all of the factors, dismissal is an appropriate course of action. The plaintiff has engaged in a pattern of noncompliance and disregard for court orders. However, I also consider that the Seventh Circuit has stated that courts should warn a plaintiff before dismissing a lawsuit. *See Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993). Indeed, in *Ball*, the Seventh Circuit stated that "there must be an explicit warning before the case is dismissed." *Id.* Later cases clarify, however, that "*Ball's* use of 'must' was not intended to lay down a rigid rule," but was rather intended as a "useful guideline." *Fischer v. Cingular Wireless*, 446 F.3d 663, 665 (7th Cir. 2006). Indeed, judges need not "employ 'progressive discipline,'" which would effectively give each litigant one free pass in failing to comply with court orders or deadlines. *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (*citing Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994)). Even though the Seventh Circuit does not require an explicit warning, Smith has been warned on multiple occasions that noncompliance with an order can, or would, result in dismissal of his case. In an order dated May 8, 2013, Judge Randa cited Civil L.R. 41(c), which explains that a court may enter an order of

dismissal "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action." (Docket # 33.) Smith was warned again in a letter dated August 7, 2013. (Docket # 37.) Therefore, I find that another warning, or a lesser sanction, is inappropriate.

Because Smith has consistently failed to comply with deadlines, demonstrating a lack of diligence in prosecuting this case, the plaintiff's case is dismissed pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41(c) (E.D. Wis.).

## ORDER

**IT IS HEREBY ORDERED** that the defendants' motion for sanctions is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an extension of time (Docket # 48) is **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that the Clerk of Courts shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of March, 2014.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge